HANSON, Appellant, v. BEAVER, Respondent.

(251 N. W. 894.)

(File No. 7591. Opinion filed December 29, 1933.)

*Jorgenson & Cameron,* of Watertown, for Appellant.
*Dana Babcock,* of Sisseton, for Respondent.

WARREN, J. This is an action brought by plaintiff to impress a trust upon certain cattle purchased with his money by one Oscar T. Beaver, now deceased. A general demurrer was interposed to plaintiff's amended complaint. The circuit court made an order sustaining defendant's demurrer, and a judgment on the demurrer was thereupon entered. The plaintiff perfected an appeal to this court from said judgment.

The complaint alleges, in substance, that plaintiff for some ten years prior to November, 1930, was employed by one Oscar T. Beaver doing ordinary farm work, and that a mutual friendship and confidence sprang up between them; that, in November, Beaver

requested of the plaintiff the loan of some money with which to purchase a carload of cattle; that pursuant to the talk between the parties the plaintiff loaned said Beaver $1,500 with the distinct understanding that he should have the return of the money at any time that he might need it. The money was withdrawn from the First National Bank at Wilmot, S. D., and at the same time a promissory note, made payable on the 26th day of August, 1931, was given by Beaver to the plaintiff. Plaintiff alleges that there was a distinct undertsanding that he was to have the money so advanced at any time that he desired to have the same; that after the securing of said $1,500 Beaver invested the same in cattle and placed said cattle upon the farm, and that said cattle, excepting three or four head, were there at the time of the commencement of this action; that before the promissory note became due said Beaver died, his death occurring in April, and on the 22d day of May, 1931, the defendant, Ethel M. Beaver, was appointed administratrix of his estate. Plaintiff in his complaint further charges that during the latter part of August, 1932, the defendant stated to him that she did not intend to pay the $1,500 note, and that she would not have to because he had not presented and filed his claim therefor within the time required by law for the presentation of claims, and that therefore he could not collect the same and would have to take his loss with others. The complaint further alleges that the cattle paid for with the said $1,500 advanced to Beaver were listed in the inventory filed as part of the estate; that the time for presenting claims against the Beaver estate expired on the 18th day of December, 1931, and that plaintiff is now debarred from presenting his claim against said estate by reason of the defendant's false and fraudulent assurances that she would repay the said $1,500; that the estate is benefited by the money advanced for the purchase of said cattle.

It occurs to us, however, that the status of the transaction between appellant and the deceased Beaver was fixed at the time Beaver borrowed the $1,500 from the appellant. There was nothing said, nor was there ever any conduct exhibited by the parties, which could possibly be construed and interpreted to the effect that the cattle purchased should be impressed with a trust, or that security should be given for the money. The transaction between appellant and Beaver was therefore that of borrowing

money and giving his promissory note as evidence of the debt. That being true, the title to the cattle in question and which were not bought from appellant, but from other parties, became the absolute property of Beaver, free from all incumbrances or liens whatever so far as this appellant is concerned. In seeking to impress a trust to the extent of the $1,500, the purchase price of the cattle purchased by defendant's husband from other parties with the proceeds of the loan furnished by the plaintiff, plaintiff contends that section 1194, 1919 S. D. Rev. Code, which reads as follows, is applicable: "One who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it."

The statute just quoted is not applicable. There is nothing in the record before us that there was any fraud or deceit practiced at the time Oscar T. Beaver borrowed the money from the plaintiff. Neither are there any allegations in the complaint that the administratrix of the estate gained these cattle by means of fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act. She simply came into possession of the cattle by virtue of the fact that she was appointed administratrix of her husband's estate which lawfully owned them.

All the allegations pleaded in the complaint in which appellant charges the respondent, as administratrix of her husband's estate, with making said promises to pay the note in question, and the further allegations of her conduct and the promises of repayment and the failure to inform him of the fact that she was probating her husband's estate, and that notice to creditors had been given, do not constitute the elements required to impress a trust upon the cattle purchased with appellant's money.

Appellant brought this suit solely against Ethel M. Beaver, as administratrix of the estate of Oscar T. Beaver, deceased. It is therefore apparent that this suit is purely a suit against her in her representative capacity. Whatever confidential relation existed between the parties was purely as between individuals and could not reach or directly affect the estate's property that she was managing under appointment of the county court. It is not for us to determine as to any claim that this appellant may have

against the respondent as an individual, as that is not presented by the litigants.

At this time we see no necessity for deciding the different grounds urged by respondent's demurrer, but have considered only the first ground that the amended complaint does not state facts sufficient to constitute a cause of action. The trial court was fully warranted in entering an order sustaining the demurrer upon the ground that the amended complaint did not state a cause of action against the defendant.

The judgment appealed from is affirmed.

RUDOLPH, P. J., and POLLEY, CAMPBELL, and ROBERTS, JJ., concur.